UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW JONES,

    Plaintiff,

v.                                                            Case No. 8:23-cv-2839-TPB-JSS

TAMPA BAY POLICE,

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND CLOSING CASE**

This matter is before the Court *sua sponte* on Plaintiff Matthew Jones's *pro se* complaint, filed on December 4, 2023.[1] (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

---

[1] The Court notes that the case was originally filed in the Fort Myers Division but was transferred to the Tampa Division of the Middle District of Florida. (Doc. 3).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Plaintiff has filed a civil complaint against the "Tampa Bay Police." In his complaint, Plaintiff alleges that in June or July 2000, his aunt "planned and scheduled anal rapes and tortures for [him] from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to Delaware." He claims to have been anally and orally raped by uniformed officers and by private individuals in Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Louisiana, Alabama, Mississippi, Texas, Arkansas, Tennessee, Kentucky, Missouri, West Virginia, and Delaware. Plaintiff alleges that "anal rape is murder," and that "[t]o resurrect him from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." According to Plaintiff, he "suffered major losses of blood in all of the rapes, deaths, internal bleeding, broken ribs, and broken joints and eye sockets," along with "major obesity, heart diseases, and diabetes risks."

Upon review, the Court finds that the complaint is woefully inadequate and cannot support a cause of action against Defendant. Initially, the Court finds that the complaint is essentially incomprehensible. Plaintiff has failed to provide a "short and plain" statement of the facts. *See* Fed. R. Civ. P. 8. Instead, the complaint consists of

"a rambling series of incomprehensible allegations." *See Beekman v. Fed. Home Loan Mortg. Corp.*, No. 16-81477-CIV-MARRA, 2017 WL 7733274, at *2 (S.D. Fla. Nov. 2, 2017) (internal quotation omitted).  The paragraphs are overly long, each of them containing a "confusing combination of facts, legal analysis, and bare accusations." *See Thomason v. Ala. Home Builders Licensure Board*, 741 F. App'x 638, 641 (11th Cir. 2018).  Because Plaintiff has failed to place Defendant on notice of the claims against it or advance any plausible claim upon which relief can be granted, his complaint must be dismissed.

Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment is futile.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  A district court may dismiss a complaint *sua sponte* if the complaint is patently frivolous.  *See Guthrie v. United States Gov't*, No. 17-80390-MIDDLEBROOKS, 2017 WL 5479877, at *2 (S.D. Fla. Mar. 31, 2017) (internal citations omitted); *Morris v. Bush*, No. 1:07-cv-00187-MP-AK, 2008 WL 4525016, at *1 (N.D. Fla. Oct. 6, 2008).  "A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'" *Guthrie*, 2017 WL 5479877, at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A review of the complaint shows that Plaintiff's allegations are patently frivolous, completely irrational, and wholly incredible.  Because the allegations are frivolous and any amendment would be futile, this action should be dismissed with prejudice.  *See Gary v. United States Gov't,* 540 F. App'x 916, 916-18 (11th Cir. 2013) (affirming the *sua sponte* dismissal of complaint with prejudice where the plaintiff sued a number of high-level government officials and intelligence agencies, alleging

that they had implanted microchips into her body that were "used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain"); *Qamar v. C.I.A.*, 489 F. App'x 393, 395 (11th Cir. 2012) (holding district court did not abuse discretion when dismissing as frivolous plaintiff's complaints involving alleged rapes inside the jail); *Guthrie*, 2017 WL 5479877, at *2-3 (*sua sponte* dismissing complaint with prejudice where the plaintiff sued the United States government, along with other parties, for committing crimes and torts against him over a thirteen year period, including allegations that the government conspired to "burgle his home, drug him, and install surveillance").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.
2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 19th day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**